IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Aixa Fretts Mulero,
    Plaintiff,

v.

Municipality of Carolina, et al.
    Defendants.

Civil No. 04-2290 (GAG)

**OPINION AND ORDER**

There are two matters before the court: 1) defendants' motion for summary judgment (Docket No. 18) and 2) Mayor Aponte's motion for summary judgment in his personal capacity (Docket No. 24). This action was commenced by plaintiff Aixa Fretts-Mulero ("Fretts") against the Municipality of Carolina and the Mayor of Carolina, Jose Aponte. Fretts alleges gender discrimination and retaliation in violation of the First Amendment, Title VII, the Family and Medical Leave Act, and Puerto Rico laws. After a thorough review of the record and pertinent law, the court **GRANTS** summary judgment for defendants on both motions.

**I.  Summary Judgment Standard and Local Rule 56**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. 56(e). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party, including all reasonable inferences in the nonmoving party's favor. See id. "If, after canvassing the material presented, the district court finds some genuine factual issue remains in the case, whose resolution one way or the other could affect its outcome, the court must deny the motion." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In addition to these requirements, a motion for summary judgment and opposition shall comply with the requirements of Rule 56 of the Local Rules of the United States District Court for

**Civil No. 04-2290 (GAG)**                2

the District of Puerto Rico. Specifically, Local Rule 56(b) requires the moving party to file, annexed to its motion, "a separate, short and concise statement of the material facts...as to which the moving party contends there is no genuine issue of material fact to be tried." The court notes that the movant in this case, complied with Rule 56(b) by filing a separate supporting statement of material facts with appropriate references to the record.

The nonmoving party is then required to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. See Local Rule 56(c). Unless properly controverted, all the material facts set forth in the movant's statement shall be deemed admitted. See Local Rule 56(e); Cosme Rosado v. Serrano Rodríguez, 360 F. 3d 42, 45 (1st Cir. 2004). While failure to comply with this rule does not automatically warrant the granting of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal." See Diaz v. PaviaHealth, 2005 WL 2293578, *3 - 4 (West 2005).

In this case, Fretts simply disregarded the requirements of Local Rule 56. Instead of controverting defendants' statement of uncontested facts, Fretts attached her own statement with supporting documents almost entirely in Spanish. The accompanying, supporting documents were never officially translated for the record. Therefore, the factual averments contained in the defendants' statement of uncontested facts, properly supported by the record, are hereby deemed admitted.

**II.   Relevant Procedural and Factual Background**

On May 29, 2001, Fretts began working for the Municipality of Carolina. See Docket No. 19. ¶ 1. In November 2001, after passing the police academy courses, Fretts became a transitory municipal police officer. Id. at ¶¶ 2, 6. In 2003, Fretts applied for a regular police officer position but did not make the cut because she had a pending disciplinary investigation against her. Id. at ¶¶ 7-9. The pending investigation was related to a violent incident involving Fretts, her then current boyfriend (and fellow municipal police officer) Frederick Santiago Cardenales ("Santiago"), a former boyfriend, Jose Rodriguez-Perez ("Rodriguez") and Rodriguez's friend, Joel "Jimmy" Rivera Salabarria ("Jimmy"). Id. at ¶ 13; Exh. G. Fretts, Santiago and Rodriguez were injured by bullet

**Civil No. 04-2290 (GAG)**                                             3

wounds and Jimmy was killed. Id. The investigation was conducted and completed by the Municipality's Internal Affairs Department. Id. at ¶ 15.

On December 12, 2003, after a complete investigation, the IA Department issued a report and a recommendation to the Mayor. Id. at ¶¶ 16-19. The recommendation was to dismiss both Fretts and Santiago. Id. at ¶ 20. The letter of intent of dismissal was signed by the Mayor and delivered to Fretts personally on January 9, 2004. Id. at ¶ 22. The reasons for dismissal were adultery and negligence in performance of duties – specifically negligent handling of her firearm, which was used by Jimmy to shoot at Santiago during the incident. Id. at ¶ 24. The Municipality granted Fretts several hearings but she cancelled due to illness. Id. at ¶ 25. Santiago was also afforded a hearing and dismissed. Id. Fretts worked in the municipality until June 30, 2004 when her contract expired. Id. at ¶ 3. She was informed via letter that her contract would not be renewed on June 23, 2004. Id.

Fretts alleges in her complaint that on December 1, 2003, she filed a similar complaint against Santiago, several municipal police officers, the Municipality of Carolina and Mayor Aponte. See Docket No. 1, ¶ 12. That complaint was voluntarily dismissed without prejudice on December 18, 2003.

**III.   Legal Analysis**

   *A.   Mayor Aponte's Motion in his Personal Capacity*

On June 30, 2006, the court entered partial judgment for the Mayor in his personal capacity on the Title VII claims. See Docket No. 63. Specifically, the court deemed defendants' motion to dismiss unopposed and entered judgment accordingly. The same scenario exists here. Neither defendants' motion for summary judgment, in his personal capacity, on the remaining claims nor the accompanying statement of uncontested facts has been controverted. On the fact alone that no genuine material facts exist, the court would grant summary judgment. However, a review of the complaint demonstrates that it is devoid of any mention of the Mayor as a party in his personal capacity. In fact, the only mention of the Mayor in his acts or omissions "under color or law and color of authority." See Docket No. 1, ¶ 8. Given that the complaint does not address the Mayor in his personal capacity, all claims against the Mayor in his personal capacity are dismissed with prejudice. Defendant's motion for summary judgment is **granted** (Docket No. 24).

   **B.**     ***Defendants' Motion for Summary Judgment***

Fretts makes a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. There are two private causes of action granted by the Act: 1) interference with the leave, and 2) retaliation. Id. at § 2615(a)(1) & (2). To establish a *prima facie* case under the FMLA, the employee must plead that: 1) she availed herself of a protected right under the FMLA, 2) she suffered an adverse employment action, and 5) there was a causal connection between the protected conduct and the adverse employment action. See Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105, 113-14 (1st Cir. 2006). In this case, Fretts cannot satisfy her burden. The supporting documents attached in opposition to this motion are almost exclusively in Spanish and of those in English none set forth a genuine issue of material fact as to this cause of action. Therefore, as a matter of law, Fretts' FMLA claim is dismissed.

Fretts also makes a claim of retaliation under the First Amendment. Fretts claims that she was dismissed as a result of instituting her first federal complaint. A court must first determine whether the issue about which the employee spoke was a "matter of public concern." See Tang v. Department of Elderly Affairs, 162 F.3d 7, 12 (1st Cir. 1998). Next, the court analyzes the balance between the employee's constitutional interests and the government's interests as an employer. See Mullin v. Town of Fairhaven, 284 F.3d 31, 39-41 (1st Cir. 2000). Finally, if the claim survives both of these tests, the plaintiff must show that the protected speech was a substantial or motivating factor behind the adverse employment action. See Torres-Rosado v. Rotger-Sabat, 335 F.2d 1, 11 (1st Cir. 2003). In the instant case, Fretts cannot even create an issue as to whether her employer received notice of the first complaint. Fretts does not substantiate this allegation with any proof and admits in her deposition that she did not know for sure if Mayor Aponte was aware of the suit. Therefore, as a matter of law, Fretts cannot make out a *prima facie* case of retaliation. Her retaliation claims are dismissed.

Fretts also alleges disparate treatment under Title VII because she was dismissed from her position for adultery and other men who were also administratively charged with adultery were not dismissed from their positions. However, Fretts does not provide any proof to support this contention. Fretts admits in her deposition that her allegations of disparate treatment are based on

**Civil No. 04-2290 (GAG)**                                        5

the comments of other co-workers yet none of the witnesses were deposed nor announced as witnesses by the time the motion was submitted. See Docket No. 18, Exh. A.  Also, while adultery was listed as a reason for dismissal, the intent to dismiss letter also cited negligent handling of her firearm.  According to the report issued by the Internal Affairs Department, Fretts' firearm, which had been left by her on the passenger-side seat of her car, was used by Jimmy to shoot at Santiago on the day of the violent incident. See Docket No. 35, Exh. G.  Therefore, even if Fretts could make out a *prima facie* case of disparate treatment for adultery, her argument is flawed because the Municipality has expressed a legitimate, non-discriminatory reason for the adverse employment action.  Therefore, as a matter of law, Fretts' Title VII claim is dismissed as well.

Finally, the power of the federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the action. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991).  Given that the federal claims in this case are dismissed, the court shall not entertain the state law claim, which is dismissed without prejudice.  Defendant's motion for summary judgment is **granted**.

### IV.   Conclusion

Therefore, given that no genuine issues of material fact exist, summary judgment is GRANTED in favor of defendants on both motions as a matter of law (Docket Nos. 18 & 24).

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of December 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge